WILMINGTON MANOR, INC. (a corporation of the State of Delaware),

*vs.*

KENNETH M. GRANT, JR., and MARIE GRANT, his wife, DAVID T. BLAKELY and LOVIE M. BLAKELY, his wife, MARIE SHARPE THOMAS, widow, and FRANK W. SCHAEFER and HELEN ADAIR SCHAEFER, his wife, representing all owners of real property situate in Sections A, B, C and D of the development known as "Wilmington Manor", New Castle Hundred, New Castle County and State of Delaware.

*New Castle, June 18, 1954.*

*Albert W. James* and *William F. Lynch, II,* of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.

*Joseph A. L. Errigo* and *Robert C. Barab,* Wilmington, for defendants Kenneth M. Grant, Jr., Marie Grant, David T. Blakely and Lovie M. Blakely.

SEITZ, Chancellor: Plaintiff, Wilmington Manor, Inc., owner of a vacant lot admittedly subject to residential restrictions of record, seeks by its verified complaint: (1) a declaration that because of the radical change in the surrounding neighborhood the restrictions are no longer operative as to plaintiff's premises, or (2) a declaration that there has been such a radical change in the character of the surrounding neighborhood that the restrictions are modified to the extent that plaintiff's premises may be used for commercial or business purposes.

The defendants who are represented have moved to dismiss the complaint or for summary judgment. One ground of defendants' motion to dismiss is that this court has no jurisdiction because the "actual controversy" required by the declaratory judgment statute is absent. In order to resolve the issue I must narrate the record facts.

The complaint alleges that the plaintiff is the owner of an unimproved lot in Section D of Wilmington Manor and that this lot is on the northwesterly corner of Jefferson Avenue and duPont Boulevard. It alleges further that this lot is subject to residential restrictive covenants imposed on it and other land in the Manor by the so-called Jensen deed of September 14, 1941. The restrictions are to continue in effect until January 1, 1969 at least, and persons owning any other lots in Wilmington Manor are given the right to enforce compliance.

It is alleged that when the restrictions were imposed on plaintiff's premises in 1941, the complexion of the immediately surrounding neighborhood was substantially residential and conformed to the general pattern of the development of Wilmington Manor. It is further alleged that there has been a radical change in the character of the neighborhood with the resultant destruction in the essential purpose of the original restrictions. The complaint then sets forth certain illustrations in support of the allegation, i. e., erection of a motion picture theatre on the adjoining lot to the south; erection of a gasoline filling station on the lot directly across from the premises on Jefferson Avenue; widening of the duPont Boulevard from 80 feet to 200 feet and its separation into a parkway; erection of the Delaware Memorial Bridge with the consequent increase of motor vehicle traffic on the

Boulevard at Wilmington Manor; erection of communities to the north and south of Wilmington Manor which, although primarily residential in character, have dedicated the land fronting on duPont Boulevard to commercial or business use.

Plaintiff alleges that it desires to sell the premises for commercial or business use but it further alleges that the named defendants contend that the changes in conditions which have occurred are not sufficient to justify the removal of the restrictions on the premises and therefore will not sign any release of restrictions. The result is that plaintiff is compelled to let the land stand idle.

Plaintiff joins as defendants the owners of lots in Section D of Wilmington Manor which are roughly adjacent to or contiguous with plaintiff's premises. Plaintiff alleges that these defendants adequately represent the class which consists of the owners of lots in Sections A, B, C, and D of Wilmington Manor. Plaintiff alleges that there are. about 465 such lot owners and it would be impractical to bring them all before the court.

The court is confronted at the outset with the jurisdictional question as to whether there is an actual controversy as required by 10 *Del.C.* § 6501 conferring declaratory judgment jurisdiction on this court. Plaintiff relies solely on the declaratory judgment statute and the *Rules of Court, Rule* 57, *Del.C.Ann.,* to sustain jurisdiction.

Plaintiff first argues that where as here there is substantial doubt or uncertainty with respect to rights and where the defendant has a true interest in opposing the declaration, a declaratory judgment is appropriate. Plaintiff's counsel cites 20 *Cornell Law Quarterly,* 1, 14, 20, in support of his contention. Passing over any constitutional question, the difficulty with plaintiff's contention is that he would not require the showing of an "actual controversy". But the Delaware statute limits declaratory judgment jurisdiction to cases of "actual controversy", and I am not free to go beyond the statute. See *Stabler v. Ramsay, 32 Del.Ch.* 547, 88 *A.2d* 546.

Plaintiff points out that my conclusion in effect precludes the use of the act where the person with the adverse interest just declines

to act or speak. This would seem to be so under the language of the present act. While it might seem unfortunate, it is not for the court to remedy the alleged defect in the statutory power granted this court.

The sole question under our statute then is whether this case presents an actual controversy. Plaintiff says "yes", defendants say "no".

As noted, the allegations of the complaint set forth that conditions have so changed that the restrictions are no longer operative as to plaintiff's premises or have been modified by such changes to permit the use of plaintiff's land for commercial or business purposes. The complaint further alleges that the named defendants contend that the conditions have not changed sufficiently to justify removal of the restrictions on the premises and therefore will not sign a release of restrictions.

Defendants served certain interrogatories on plaintiff by which they requested plaintiff to set forth any statements made by any defendant with respect to changes in conditions. Plaintiff listed some four defendants who made statements to its agent. In each case the plaintiff's agent who visited these defendants explained that the lot was to be sold for use as a filling station and asked their consent to a written release of restrictions because the proposed use would not depress land values in view of the changed circumstances. Nothing appears in the sworn answers to the interrogatories which suggests that any of the party defendants contended or implied that such conditions had not changed.

It is clear of course that the "actual controversy", if any, cannot here be the mere refusal to sign the release of restrictions. Otherwise, the mere refusal to waive one's right in any case would constitute an actual controversy. The question then is whether there was an actual controversy concerning the alleged "changed circumstances" surrounding the land involved. The complaint standing alone and liberally construed alleges an actual controversy (Par. 9). The question is whether plaintiff's sworn answers to the interrogatories show that plaintiff's own facts negative the allegations of controversy appearing in the verified complaint.

Since plaintiff was asked to give all statements made by any defendant with respect to changes in conditions and since plaintiff's answers fail to show anything reasonably resembling a statement of that character made by any defendant, the court must infer that the parties did not disagree or indeed even discuss whether circumstances had so changed that the restrictions were affected. While the complaint is verified, I believe that its general allegations of controversy must fall when plaintiff's own sworn answers to interrogatories fail to support them. Otherwise, the use of the summary judgment procedure would be substantially impaired.

Since plaintiff's sworn answers fail to show the required "actual controversy", the motion to dismiss for lack of jurisdiction over the subject-matter must be granted. The Rule of Court does not affect the result. The same is true of the fact that plaintiff has contracted to sell the property if the restrictions can be released.

Other important points raised need not be considered.

Order on notice.